**XIN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–6466–ag.**

United States Court of Appeals, Second Circuit.

Dec. 14, 2006.

Farah Loftus, Los Angeles, CA, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Canella E. Henrichs, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Xin Chen, a native and citizen of the People's Republic of China, seeks review of a November 7, 2005 order of the BIA affirming the September 7, 2004 decision of Immigration Judge ("IJ") Paul A. Defonzo, denying his applications for asylum and withholding of removal. *In re Xin Chen,* No. A 77 562 937 (B.I.A. Nov. 7, 2005), *aff'g* No. A 77 562 937 (Immig. Ct. N.Y. City Sept. 7, 2004). We assume the

parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial and material inconsistencies and omissions support the BIA's and IJ's adverse credibility determinations. The IJ accurately observed that Chen's testimony was internally inconsistent regarding whether he confronted the family planning officials about his wife's first coerced abortion, as well as inconsistent with his written application regarding the circumstances of his wife's second abortion, and the timing of his wife's sterilization. Additionally, the IJ accurately noted that Chen failed to mention his June 1998 confrontation of the family planning officials on direct-examination, and his December 1996 confrontation in his written application. Furthermore, the IJ properly declined to credit Chen's explanations that he was "very nervous" and could not "remember so clearly" the events associated with the alleged persecution. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Thus, the IJ reasonably relied on the discrepancies to support his adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

In addition, the record supports the IJ's demeanor finding, specifically, that Chen's responses were "evasive and unresponsive," as well as "clearly confusing and incoherent." Because a fact-finder who assesses testimony together with demeanor is in the best position to discern more accurately the impression conveyed by the witness, and because the IJ's finding of nonresponsiveness was supported by the record, the IJ reasonably found that Chen's demeanor undermined his credibility. *See Zhou Yun Zhang,* 386 F.3d at 73.

Given that the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

Lastly, we cannot hear Chen's argument regarding his Convention Against Torture claim because this argument was exhausted neither before the IJ nor before the BIA. 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).